Peter J. Babos, Esq. (SBN134171)
**LAW OFFICES OF PETER J. BABOS**
3731 Wilshire Blvd., Ste. 940
Los Angeles, CA 90010
Tel.: (310) 248-4822
Fax: (310) 388-5507

Attorneys for Defendant SCOTT STANDER
and non-party THE STANDER GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **ROB KOLSON CREATIVE PRODUCTIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**SCOTT STANDER,**<br><br>Defendant. | Case No. 2:18-cv-06789 VAP(GJSx)<br><br>**PARTIAL OPPOSITION AND REQUEST FOR CONTINUANCE TO PLAINTIFF'S MOTION FOR CONTEMPT AND REQUEST FOR SANCTIONS; DECLARATION OF PETER J. BABOS**<br><br>[Honorable Gail J. Standish]<br><br>Date: January 15, 2019<br>Time: 10:00 a.m.<br>Courtroom: |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Come now non-party THE STANDER GROUP, INC., ("TSG"), and attorney PETER J. BABOS, who respectfully submit their Partial Opposition and Request for Continuance to Plaintiff's Motion to Compel Non-Party Compliance with Subpoena and Request for Sanctions as follows:

---

NON-PARTY THE STANDER GROUP, INC. AND PETER J. BABOS'
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT
- 1 -

This Partial Opposition and Request for Continuance is made on the grounds that,

1) Plaintiff has failed to comply with the meet and confer requirements of Local Rule 7-3;

2) If Plaintiff's Motion for Contempt is considered an extension of its earlier discovery motion to compel, then TSG and Babos maintain that Plaintiff has failed to comply with the meet and confer requirements of Rule 37-1; and,

3) 11 U.S.C. 362(a) governs in this matter and the automatic stay prevents any further proceedings in this case, including Plaintiff's Motion for Contempt.

This Partial Opposition and Request for Continuance is based on the attached Memorandum of Points and Authorities, the Declaration of Peter J. Babos, and any exhibits thereto, all papers and pleadings on file in this matter, and upon such other and further oral and documentary evidence that may be presented at any hearing on Plaintiff's Motion to Compel.

Respectfully submitted,

LAW OFFICES OF PETER J. BABOS

Dated: December 23, 2019.

/s/ Peter J. Babos

Peter J. Babos, Attorneys for Defendant SCOTT STANDER and non-party THE STANDER GROUP, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This Court ruled on Plaintiff's previous Motion to Compel Responses to Subpoena on October 23, 2019 ruling that non-party The Stander Group, Inc. ("TSG") must comply with the April 6, 2019 subpoena without objection on or by November 25, 2019. In addition, the court awarded attorney's fees sanctions in the amount of $4,227.50 to be paid by Scott Stander, TSG, and their attorney, Peter J. Babos, joint and severally, on or by December 2, 2019.

Plaintiff's counsel has failed to comply with Local Rule 7-3, or, in the alternative and if applicable, Local Rule 37-1. (See Babos Declaration attached). Accordingly, under any interpretation, its Motion for Contempt should be denied in its entirety.

Moreover, Plaintiff filed a Supplemental Brief on December 20, 2019, which at the very minimum, should allow non-party TSG and attorney Peter J. Babos the opportunity to file a later opposition and continuance of the original motion hearing date of January 15, 2010.

///

///

///

LAW OFFICES OF PETER J. BABOS
3731 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(310) 248-4822

NON-PARTY THE STANDER GROUP, INC. AND PETER J. BABOS'
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT
- 3 -

## II. LEGAL ARGUMENT

### A. Plaintiff Has Failed to Comply with Local Rule 7-3 or Local Rule 37-2 Before Filing The Instant Motion

As the Court well knows, L.R. 7-3 provides in pertinent part that "[I]n all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion."

Plaintiff's counsel states that it satisfied the meet and confer requirements of Local Rule 7-3, but they in fact did not. Exhibit "A" to the attached Babos declaration demonstrates no formal meet and confer initiation or attempt by Plaintiff's counsel other than to simply reject Defendant's request for a one-week extension to respond. That is hardly a meet and confer attempt under either Local Rules 7-3 or 37-1.

### B. An Automatic Stay Applies in This Case Pursuant to Bankruptcy Code 11 U.S.C. Sec. 362(a)

11 U.S.C. Sec 362 provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the

Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

. . .

Subsections 1 through 3 above clearly apply in this case. Plaintiff cannot pursue further collection efforts against Scott Stander, personally, or any enforcement of

property of his bankrupt's estate, namely in this case his corporation, The Stander Group, Inc. Accordingly, Plaintiff's Motion for Contempt must be stayed if not denied.

### C. Plaintiff's Subsequent Supplemental Brief Warrants a Continuance So That Defendant May Properly Respond to the New Arguments Raised Therein

Defendant and TSG, by and through their counsel, have offered Plaintiff their willingness to comply with his Debtor Exam Subpoena subject to a protective order. The issue of the reasonableness of such a protective order in this case was brought up at Mr. Stander's debtor exam back in January, and the Court noted the inquiry made by defense counsel. Plaintiff's counsel has acknowledged the issue as well and offered to consider a proposed protective order drafted by defense counsel at that time. Subsequently, email and telephone exchanges were had between counsel where defense counsel reiterated its continuing objections to Plaintiff's subpoena, after part compliance, asking for Plaintiff's willingness to agree to a protective order before any further compliance. These inquiries and reminders by defense counsel were completely ignored by Plaintiff's counsel through to this date, and they appear to be unwilling to address the issue of a protective order any further.

///

///

### III. CONCLUSION

Based on all the foregoing, TSG and attorney Peter J. Babos respectfully request that Plaintiff's Motion to Compel be denied in its entirety, or, that at a minimum, they be permitted to file an additional opposition to respond to Plaintiff's subsequent supplemental brief, including a continuance of the hearing date currently set for January 15, 2020.

Respectfully submitted,

LAW OFFICES OF PETER J. BABOS

Dated: December 23, 2019.  /s/ Peter J. Babos

Peter J. Babos, Attorneys for Defendant SCOTT STANDER and non-party THE STANDER GROUP, INC.

## DECLARATION OF PETER J. BABOS

I, PETER J. BABOS, do declare as follows:

1. I am an attorney at law duly admitted to practice before all the courts in the State of California, including the federal U.S. District Court for the Central District of California, and am attorney of record for Defendant SCOTT STANDER and non-party THE STANDER GROUP, INC. herein. I have personal knowledge of the facts and events described herein, and if called as a witness, could and would testify thereto competently and under oath.

2. Defendant filed for bankruptcy protection under Chapter 7 on December 13, 2019. A Notice of Stay was filed with this Court on December 15, 2019 and timely notice was given to Plaintiff's counsel that same day.

3. Prior to Mr. Stander's bankruptcy filing, I was making best efforts to comply with the court's ruling on compelling responses to Plaintiff's Debtor Exam subpoenas.

4. While doing so, I initiated communications with Plaintiff's counsel, Joseph Simon, on November 19, with follow up on November 25-26. See Exhibit "A" attached hereto. Mr. Simon clearly rejected any reasonable efforts on my part for some sort of

LAW OFFICES OF PETER J. BABOS
3731 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(310) 248-4822

reasonable extension to respond and compromise. Thereafter, Mr. Simon never initiated a formal meet and confer on his own. Even if the Court could possibly consider his November 25th and 26th emails as part of a meet and confer process, he admittedly filed his Motion for Contempt on the last day of any communication with defense counsel, November 26 – clearly less than 1 week from the filing requirements under Local Rule 7-3.

5. I later received notice of Plaintiff's counsel's Supplemental Brief of its Motion for Contempt on Saturday morning, December 21, 2019. The issues raised therein require a proper opposition with reasonable additional time to address them.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: December 23, 2019.

/s/ Peter J. Babos

**EXHIBIT "A"**

**Peter Babos**

**From:** Joseph Simon <joseph@nussbaumapc.com>
**Sent:** Tuesday, November 19, 2019 12:15 PM
**To:** Peter Babos
**Subject:** Kolson v. Stander

Peter,

In regard to our conversation a few minutes ago, we expect full compliance with the subpoena regardless of whether or not you feel anything is duplicative of what we may or may not have already received.

We will also not grant any extensions and expect full compliance with the subpoena as per the Judge's Order by Monday, November 25th.

Joe


--
Regards,
Joseph P. Simon, Esq.
Nussbaum APC
27489 Agoura Rd., Ste. 102
Agoura Hills, CA 91301
(818) 660-1919

**Peter Babos**

---

**From:** Peter Babos
**Sent:** Monday, November 25, 2019 5:43 PM
**To:** Joseph Simon
**Cc:** Peter Babos (pjb@baboslaw.com)
**Subject:** TSG Tule 45 Subpoena

Dear Joe,

I know I owe you responses to the TSG PMK Rule 45 Subpoena today, but I am having difficulty getting all documents procured and assembled for you, especially all contracts asked for which I still believe are harassing and burdensome. In any event, I respectfully request just one more week to respond with all documents. This is a short week with the Thanksgiving holiday, but I plan to have everything in place by this weekend while working through the holiday.

So I don't think 1 more week will prejudice you in any way. You will still have ample time before TSG's PMK debtor exam scheduled for December 18th. Please allow this professional courtesy and let me know if this is acceptable.

**Regards,
PJB**

---

**Peter J. Babos, Esq.**
**LAW OFFICES OF PETER J. BABOS**
**CEDRS General Counsel**
**3731 Wilshire Boulevard #940**
**Los Angeles, CA 90010**
**(Tel) 310-248-4822**
**(Fax) 310-388-5507**
**pjb@baboslaw.com**
**www.baboslaw.com**
**www.ielawcenter.com**



This communication contains inf
ormation that is confidential, proprietary in nature, and may also be attorney-client privileged.
It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) or the person responsible for delivering it to the intended recipient(s), please note that any form of dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender and delete the original communication. Thank you for your cooperation.

# Peter Babos

| | |
|---|---|
| From: | Peter Babos |
| Sent: | Tuesday, November 26, 2019 4:08 PM |
| To: | Joseph Simon |
| Subject: | RE: TSG Tule 45 Subpoena |

Well I was hoping for a little more cooperation, but I guess that's just not possible with you guys.

I am still moving forward with responses as best as I can.

Regards,
PJB

**Peter J. Babos, Esq.**
**LAW OFFICES OF PETER J. BABOS**
**CEDRS General Counsel**
**3731 Wilshire Boulevard #940**
**Los Angeles, CA 90010**
**(Tel) 310-248-4822**
**(Fax) 310-388-5507**
**pjb@baboslaw.com**
**www.baboslaw.com**
**www.ielawcenter.com**



This communication contains inf
ormation that is confidential, proprietary in nature, and may also be attorney-client privileged.
It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) or the person responsible for delivering it to the intended recipient(s), please note that any form of dissemination, distribution or copying of this communication is strictly prohibited and may be unlawful. If you have received this communication in error, please immediately notify the sender and delete the original communication. Thank you for your cooperation.

**From:** Joseph Simon <joseph@nussbaumapc.com>
**Sent:** Tuesday, November 26, 2019 11:16 AM
**To:** Peter Babos <pjb@baboslaw.com>
**Subject:** Re: TSG Tule 45 Subpoena

Peter,

Due to the ongoing discovery obstacles we keep encountering to gather information to which we are rightfully entitled, we cannot accommodate your request.

It is our intention to file a Motion for Civil Contempt Sanctions.

Joe

On Mon, Nov 25, 2019 at 5:43 PM Peter Babos <pjb@baboslaw.com> wrote:

Dear Joe,